# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALAA SALIH SUFAR ALI;<br>ADAM MOHAMMED AL HADDAD;<br>RASOOL MOHAMMED AL HADDAD;<br>SAJJAD MOHAMMED AL HADDAD<br>  9162 Monarch Field Lane<br>  Cypress, TX 77433<br><br>                Plaintiff(s)<br><br>             v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br><br>UR M. JADDOU, in her official capacity, Acting Director, U.S. Citizenship and Immigration Services;<br>  2707 Martin Luther King Jr. Ave, SE<br>  Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br><br>               Defendant(s). | Civil Action No 1:23-cv-396 |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS, VIOLATION OF THE APA, AND PETITION FOR NATURALIZATION UNDER 8 USC §1447(b)

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

**INTRODUCTION**

COMES NOW ALAA SALIH SUFAR ALI (hereinafter "Plaintiff ALI"), ADAM MOHAMMED AL HADDAD (hereinafter "Plaintiff ADAM" or collectively "Plaintiffs"), RASOOL MOHAMMED AL HADDAD (hereinafter "Plaintiff RASOOL" or collectively "Plaintiff"), and SAJJAD MOHAMMED AL HADDAD (hereinafter "Plaintiff SAJJAD" or collectively "Plaintiffs"), by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff ALI's Form N-400, Application for Naturalization ("Application") and Plaintiff ADAM's, Plaintiff RASOOL's, and Plaintiff SAJJAD's separately filed Form N-600 Applications, Applications for a Certificate of Citizenship, ("Applications"), within a reasonable period of time. Plaintiff ALI's Form N-400 has been in pending status for a total period of over three years and one month (over 37 months or 1133 days) since the date Plaintiff ALI filed the Application. Plaintiff ADAM's, Plaintiff RASOOL's, and Plaintiff SAJJAD's Form N-600 Applications have been pending for a period of over one year and nine months (over 21 months or 662 days) since the Applications were filed. The Plaintiffs have a clear right to adjudication of their Applications in a timely manner.

2. USCIS has published a historical processing time of 9.1 months for the adjudication of Form N-400 for cases filed in 2020. Plaintiff ALI's Form N-400 has been pending for a total of over 37 months, which is four times the average historical processing time as reported by USCIS.[1]

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

3.   USCIS has also published a historical processing time of 5.8 months for the adjudication of Form N-600 for cases filed in 2021. Plaintiff ADAM's, Plaintiff RASOOL's, and Plaintiff SAJJAD's Form N-600 Applications have been pending for a total of over 21 months, which is over three and a half times the average historical processing time as reported by USCIS.[2]

4.   Furthermore, the INA requires USCIS to decide an application within 120 days of a naturalization examination. 8 U.S.C.A. § 1447(b). At the time of this filing, it has been 696 days (over one year and ten months or over 22 months) since the last examination of Plaintiff ALI was held.

5.   The final adjudication of the Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

6.   Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Applications.

7.   This action is additionally brought before this Court to exercise its jurisdiction over the Application, and make a decision on the same, under 8 U.S.C.A. § 1447(b) as a period of over 120 days has elapsed since Plaintiff ALI's naturalization examination was held and no decision has been made by the Defendants.

8.   Further, the delay in making a decision on Plaintiffs' Applications extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

9.   Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have

---

[2] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

10. Plaintiff ALI is a resident of Harris County, Texas, and Permanent Residents of the United States. Plaintiff ALI is the Applicant in a properly filed Form N-400, Application for Naturalization [Receipt# IOE0908167131] with United States Citizenship and Immigration Services (hereinafter "USCIS").

11. Plaintiff ADAM is a resident of Harris County, Texas, and Permanent Residents of the United States. Plaintiff ADAM is the Applicant in a properly filed Form N-600, Application for Certificate of Citizenship [Receipt# IOE9428701740] with United States Citizenship and Immigration Services (hereinafter "USCIS").

12. Plaintiff RASOOL, is a resident of Harris County, Texas, and Permanent Residents of the United States. Plaintiff RASOOL is the Applicant in a properly filed Form N-600, Application for Certificate of Citizenship [Receipt# IOE9733799058] with United States Citizenship and Immigration Services (hereinafter "USCIS").

13. Plaintiff SAJJAD is a resident of Harris County, Texas, and Permanent Residents of the United States. Plaintiff SAJJAD is the Applicant in a properly filed Form N-600, Application for Certificate of Citizenship [Receipt# IOE9654509814] with United States Citizenship and Immigration Services (hereinafter "USCIS").

14. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official

capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

15. Defendant UR M. JADDOU is the Acting Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

16. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

17. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

18. Additionally, this Court has jurisdiction under 8 U.S.C. § 1447(b) as a period of 120 days has elapsed since Plaintiff ALI's naturalization examination and no decision has been made.

19. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

20. The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Applications. Further, Plaintiffs have initiated numerous inquiries with USCIS directly and through their local Congressman's office.

21. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of their respective Applications.

22. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

23. On January 3, 2020, Plaintiff ALI properly filed, and paid the requisite fee in the amount of $725 for Form N-400, Application for Naturalization with the United States Citizenship and Immigration Service ("USCIS"). **[EXHIBIT A].**

24. On February 10, 2021, following Plaintiff ALI's interview for naturalization, her Application was recommended for approval by USCIS and placed in line for the oath ceremony, the final step required for completion of the naturalization process.

25. Plaintiff ALI was scheduled to appear for her oath ceremony on March 16, 2021. **[EXHIBIT B].**

26. On March 15, 2021, however, Plaintiff ALI received a call from USCIS informing her that her oath ceremony was cancelled. Defendants did not provide any reason as to why her oath ceremony was being cancelled or any indication of future rescheduling.

27. USCIS then updated Plaintiff ALI's online account, showing that her oath ceremony had been cancelled as of March 17, 2021, Plaintiff ALI has not received any further information from

the Defendants nor have the Defendants provided Plaintiff ALI with a new date for her oath ceremony.

28. On April 18, 2021, three separate N-600 Applications for Certificate of Citizenship were filed by Plaintiff ADAM, Plaintiff RASOOL, and Plaintiff SAJJAD. The Plaintiffs filed and paid the requisite Application fee in the amount of $1,170 for their Form N-600, Applications **[EXHIBITS C].**

29. Plaintiffs have made numerous inquiries since March 17, 2021, and April 18, 2021, respectively, with USCIS and have requested adjudication of their respective Applications.

30. Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Applications are still pending review and no indication has been given as to when a decision will be made on the respective Applications.

31. Plaintiff ALI's Application now continues to be pending with USCIS for over a total period of three years and one month (over 37 months or 1134 days).

32. Plaintiff ADAM's, Plaintiff RASOOL's, and Plaintiff SAJJAD's Applications continue to be pending with USCIS for over one year and nine months (over 21 months or 663 days).

33. The INA requires USCIS to decide an application within 120 days of the naturalization examination. INA § 336(b); 8 U.S.C. § 1447(b).

34. Defendants have refused to provide further explanation which would merit the need for withholding adjudication on Plaintiff ALI's Application for over 696 days since the date of her naturalization examination.

35. Plaintiffs have endured significant financial burdens as a result of the unreasonable period of time that their respective Applications have been pending. Despite showing that they merit approval of their Applications, Plaintiffs have, without any legitimate and lawful reason,

been deprived of the rights and benefits that are afforded to citizens of the United States upon naturalization.

## COUNT I

### VIOLATION OF THE APA- FORM N-400, APPLICATION FOR NATURALIZATION

36. All prior paragraphs are re-alleged as if fully stated herein.

37. Plaintiff ALI has a statutory right to apply for and receive an adjudication of her Application pursuant to 8 U.S.C. § 1446 and § 1447(b).

38. Defendants have a duty to adjudicate Plaintiff ALI's Application within a reasonable period of time under 5 U.S.C. §555(b).

39. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

40. Defendants have conducted significant investigation of and have sufficient information and documentation about Plaintiff ALI to adjudicate the Application.

41. USCIS has published a historical average processing time of 9.1 months for the adjudication of Form N-400 for cases filed in 2020. Plaintiff ALI's Form N-400 has been pending for a total of over 37 months, which is four times the average historical processing time as reported by USCIS.[3]

42. Plaintiff ALI's Form N-400 has been in pending status for a total period of over three years and one month (over 37 months or 1134 days) since the date Plaintiff ALI filed her Form N-400, Application. Given the Defendants' lack of reason for not making a decision on Plaintiff

---

[3] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

ALI's Application, Plaintiff's Application has necessarily been pending for an unreasonably long period of time.

43. Defendants have failed in their statutory duty to adjudicate Plaintiff ALI's Application in a reasonable time.

44. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff ALI's case.

45. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff ALI's Application, thereby depriving Plaintiff of the rights to which she is entitled.

46. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff has been denied her right to become a citizen of the United States and enjoy the benefits thereof.

## **COUNT II**

### 8 USCA § 1447(b) –JURISDICTION OF THIS COURT OVER APPLICATION

47. All prior paragraphs are re-alleged as if fully stated herein.

48. The INA requires USCIS to decide an application within 120 days of the naturalization interview being completed. 8 U.S.C.A. § 1447(b).

49. A period of over one year and 10 months (over 22 months or 696 day) has elapsed since the scheduled interview examination of Plaintiff ALI.

50. Given the Defendants' lack of a reason for not making a decision on Plaintiff ALI's Application within 120 days of the date of her last examination, Plaintiff's Form N-400 Application has necessarily been pending for an unreasonably long period of time.

51. The government action in this matter constitutes a violation of its responsibility to decide Plaintiff ALI's Application in a timely and efficient manner and within the prescribed 120 days after the examination of the Plaintiff. 8 U.S.C.A. § 1447(b).

52. With the filing of the instant petition, this Court has jurisdiction over the Plaintiff's Form N-400 Application.

53. Plaintiff requests this Court to provide a hearing to adjudicate the Application or, in the alternative, for the court to review the record of the administrative agency and grant citizenship to the Plaintiff.

## COUNT III

### VIOLATION OF THE APA- FORM N-600 APPLICATIONS FOR PLAINTIFFS ADAM, RASOOL, AND SAJJAD

54. All prior paragraphs are re-alleged as if fully stated herein.

55. Plaintiff ADAM, Plaintiff RASOOL, and Plaintiff SAJJAD have a statutory right to apply for and receive an adjudication of their Applications pursuant to 8 U.S.C. § 1446 and § 1447(b).

56. Defendants have a duty to adjudicate Plaintiff's respective Applications within a reasonable period of time under 5 U.S.C. §555(b).

57. The duty owed to Plaintiff ADAM, Plaintiff RASOOL, and Plaintiff SAJJAD is ministerial and so plainly prescribed as to be clear and free from doubt.

58. USCIS has published a historical average processing time of 5.8 months for the adjudication of Form N-600 for cases filed in 2021. Plaintiff ADAM's, Plaintiff RASOOL's, and Plaintiff SAJJAD's Form N-600 Applications have been pending for a total of over 21 months,

which is over three and a half times the average historical processing time as reported by USCIS.[4]

59.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's respective N-600 Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' cases.

60.     Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff ADAM's, Plaintiff RASOOL's, and Plaintiff SAJJAD's Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

61.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees.  Also, as a result of Defendants' actions, Plaintiff ADAM, Plaintiff RASOOL, and Plaintiff SAJJAD have been denied the right to become citizens of the United States and enjoy the benefits thereof.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' respective Applications.

2. In the alternative, that the Court remove jurisdiction from Defendants to exercise its own jurisdiction over the Plaintiffs' respective Applications and adjudicate the same.

---

[4] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: February 10, 2023                     Respectfully submitted,

    /s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*